UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-102-RLV

| | |
|---|---|
| REGGIE TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **MEMORANDUM AND ORDER** |
| | ) |
| LORAM MAINTENANCE | ) |
| OF WAY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Loram Maintenance of Way, Inc.'s ("Loram") Motion to Dismiss or Transfer Venue and Memorandum of Law in Support (Docs. #4-5), filed August 8, 2010; Plaintiff Reggie Tracy's ("Tracy") Response in Opposition, (Doc. #7), filed August 31, 2010; Defendant's Motion to Strike Plaintiff's Reply and Memorandum of Law in Support (Docs. #9-10), filed September 9, 2010; and Defendant's Reply (Doc. #12), filed September 10, 2010. This matter is now ripe for disposition.

### BACKGROUND

The issue before the court is whether the Court should enforce a forum selection clause in the agreement between Plaintiff-employee and Defendant-employer entitled "Confidentiality, Noncompete, Nonsolicitation and Assignment of Inventions Agreement" ("Agreement"), where the forum selection provision designates Minnesota as the appropriate venue, and Plaintiff claims the forum selection clause does not apply to his employment discrimination and is against the public policy of North Carolina, and as a result, is unenforceable.

1

This case arises out of allegedly unlawful employment practices performed by Loram or its employees against Tracy. (Doc. #1). Tracy, a black male resident of Catawba County, North Carolina, worked for Loram, most recently as a rail operator, from August 6, 2007 until July 14, 2009. (Doc. #1, Ex. A, ¶ 1). Loram is a company whose principle place of business is in Minnesota. (Doc. #5). Before beginning his employment, Tracy signed the Agreement with Loram, which contained a forum selection clause entitled "Choice of Law and Forum":

> This Agreement shall be interpreted and governed by the laws of the state of Minnesota, without regard to the conflict of laws or principles of any other state. Any dispute relating to this Agreement shall be adjudicated only in a state or federal court of competent jurisdiction within the State of Minnesota, and Employee consents to such jurisdiction.

(Doc. #5, Ex. 1, ¶ 14). On June 29, 2010, Plaintiff initiated this suit in the North Carolina Superior Court of Catawba County alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e (2006), the Thirteenth Amendment of the United States Constitution as protected by 42 U.S.C. § 1981 (2006), and violations of North Carolina General Statutes, including but not limited to N.C. Gen. Stat. § 143-422.2 (1977). (Doc. #1, Ex. A, ¶¶ 22, 25, 28, 34). Plaintiff alleges that he was subject to numerous incidents of racial discrimination by Loram employees, and was denied opportunities for advancement and eventually terminated. (Doc. #1, Ex. A, ¶¶ 7, 17). Defendant later removed the case to this Court pursuant to 28 U.S.C. § 1441(a) (2006). (Doc. #1). Subject matter jurisdiction is founded on allegations involving a federal question. (Doc. #1, ¶ 4).

The Defendant now brings this motion to Dismiss or Transfer Venue to the District of Minnesota in accordance with the forum selection clause found in the Agreement. (Doc. #4). Defendant also moves to Strike Plaintiff's Reply in Opposition to Defendant's motion to Dismiss

or Transfer Venue, as the Plaintiff's reply was filed after the August 27, 2010 deadline without explanation. (Doc. #9, moving to strike Doc. #7).

## DISCUSSION

### A. Motion to Dismiss the Title VII Claim

Title VII has a specific venue provision establishing appropriate venue for all Title VII causes of action:

> An action may be brought in any judicial district in the State in which the unlawful employment practices [are] alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (2006). The venue of Title VII claims is determined based on this venue provision rather than the general federal venue provisions. 28 U.S.C. § 1391 et seq.; Perkins v. Town of Princeville, 340 F. Supp. 2d 624, 626 (M.D.N.C. 2004). However, when cases are removed to federal court from state court, venue is determined by the removal statute, 28 U.S.C. §1441. Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953)). Under §1441:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441. This Court has held that 28 U.S.C. § 1391 (2006) "does not apply when…defendants remove a case from state court to federal court." Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 238 (W.D.N.C. 2008) (quoting Godfredson, 387 F. Supp. 2d at 555); see also Hollis v. Florida State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001) (finding that

because § 1441 only allows one possible venue for removal, "once a case is properly removed to federal court, it cannot be dismissed under §1391 grounds"). The same rationale precluding dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure after removal applies with equal force to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). Thus, since Defendant removed the case to federal court under §1441, it is precluded from now moving to dismiss under 12(b)(3). The Motion to Dismiss will be **DENIED.**

    **B.**    **Transfer of the Title VII Claim**

The Court will now consider the motion to transfer. 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." (2006). In Stewart Org., Inc. v Ricoh Corp., the Supreme Court held that § 1404(a) "governs [a district court's] decision whether to give effect to the parties' forum selection clause." 487 U.S. 22, 32 (1988). Although the presence of a forum selection clause will be a "significant factor that figures centrally in the district court's calculus," the district courts must "weigh in the balance a number of case-specific factors." Id. at 29.

    **a.**  **The Forum Selection Clause**

A valid forum selection clause does not conclusively establish proper venue, but is "a significant factor." Brock v. Entre Comp. Ctrs, Inc., 933 F.2d 1253, 1258 (4th Cir. 1991). The forum selection clause must be applicable to the claim at issue, valid, and mandatory in order to be considered enforceable by the court. See Giammattei v. Bertram Yacht, Inc., No. 3:09-CV-399-RLV, 2010 WL 2593612 (W.D.N.C. June 23, 2010) (finding that a forum selection clause must be valid and mandatory in order to be enforceable). Plaintiff does not dispute Defendant's contention

4

that the forum selection provision is mandatory, rather than permissive. The phrase "only in a . . . court of competent jurisdiction within the State of Minnesota" indicates that this provision is mandatory. (Doc. #5, Ex. 1, ¶ 14); see, e.g. S & D Coffee, Inc. v. GEI Autowrappers, 995 F. Supp. 607, 609-10 (M.D.N.C. 1997) (noting that a clause restricting jurisdiction to "only" a certain court indicates exclusivity and is mandatory). The Court will now consider whether the forum selection clause is applicable to the claims at issue and valid.

      **i.    Applicability of the Forum Selection Clause**

Plaintiff claims that the forum selection clause is inapplicable to his employment discrimination claims, and only applies to claims such as those involving violations of confidentiality and non-compete agreements. (Doc. #7). Plaintiff notes that this Agreement is entitled "Confidentiality, Noncompete, Nonsolicitation and Assignment of Inventions Agreement," and does not include rate of pay, termination or grievance procedures, vacations, or safety protocols. (Doc. #7, see also Doc. #5, Ex. 1). Plaintiff also argues that according to Paragraph 8 of the Agreement, titled "No Employment Contract; Employment is 'At Will,'" Plaintiff is an "at-will" employee, and thus there is no general employment contract, and his employment is only governed by applicable federal and state laws, including discrimination statutes. (Doc. #7, see also Doc. #1, Ex. A, ¶ 8).

Plaintiff points to Encompass Advisors, Ltd. v. Unapen, Inc. to support his argument that the Agreement does not implicate the matter at hand. 686 F. Supp. 2d 607 (W.D.N.C. 2009). Encompass involved three agreements, the third of which contained a forum selection clause. 686 F. Supp. 2d at 610. The court in Encompass found that because the complaint implicated the third agreement, the forum selection clause applied to the whole complaint. Id. at 612. While mainly

dealing with issues not relevant to the matter at hand, the court in Encompass does consider whether the clear intent of the parties in entering into the agreement, as set out in the writing, encompasses the plaintiff's claims and thus implicates the forum selection provision. 686 F. Supp. 2d at 610. The Court will consider the clear intent of the parties as set out in the Agreement to determine whether the forum selection clause is applicable to the Plaintiff's claims.

The forum selection clause states that "[a]ny dispute relating to this Agreement" must be adjudicated in Minnesota. (Doc. #5, Ex. 1, ¶ 14). To say that a dispute is in relation to an agreement is to say that there is a "logical or natural association" or "relevance" between two things. The American Heritage Dictionary 1523 (3d ed. 1192). In Paragraph 1 of the Agreement, titled "Purpose, Need, and Benefits of the Agreement," in subsection C, the Agreement states that employment, compensation, opportunities for success and training are all consideration of the Agreement. (Doc. #5, Ex. 1). In addition, there is a paragraph delineating employee's "at-will" status, which seems to suggest this Agreement contemplates more than just confidentiality and non-compete interests. (Doc. #5, Ex. 1, ¶ 8). The Court finds that the Agreement's purpose was to describe Plaintiff's employment, and thus the alleged unlawful employment acts have a logical association with the Agreement. Thus, the forum selection clause does apply to the incidents alleged in the Plaintiff's complaint. See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp. 119 F.3d 1070, 1076 (3d Cir. 1997) (finding that what constitutes an incident "arising in relation to" an agreement must be construed broadly); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993) (noting that "relating to" language encompasses more than pure contract claims).

In addition, several courts in this district have found that forum selection clauses apply not only to contract claims, but to contract-related tort claims. See SeaCast of Carolinas, Inc. v. Premise

Networks, Inc., No. 4:09-cv-00186-RBH, 2009 WL 5214314, at *3 (D.S.C. Dec. 28, 2009) ("District courts in the Fourth Circuit have applied the Fourth Circuit's analysis in valid 'choice of law' provisions to forum selection clauses, holding that contract-related tort claims are subject to a valid forum selection clause."); see also Varisty Gold, Inc. v. Cron, No. 5:08-CV-81-BO, 2008 WL 4831418, at *2 (E.D.N.C. Nov. 5, 2008) (finding a forum selection clause to be applicable to "contract-related" tort claims). "[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." Belfiore v. Summit Federal Credit Union, 452 F. Supp. 2d 629, 632 (D. Md. 2006) (quoting Crescent Int'l, Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988)). The Court finds that the forum selection clause applies to the claims in Plaintiff's case.

### ii. Validity of the Forum Selection Clause

Now that the Court has found that the forum selection clause applies to the Plaintiff's claims, the Court must now determine whether the forum selection clause within the Agreement is valid. A forum selection clause is prima facie valid as a matter of law and should be enforced unless the resisting party can establish "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A forum selection clause may be found unreasonable if:

> (1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement of the clause would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996); see Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991), M/S Bremen, 407 U.S. at 18.

Applying the test from Allen, this Court is not persuaded that enforcing the clause would be unreasonable or unjust or that the clause is invalid. The Plaintiff has produced no evidence that the Agreement was the product of fraud or overreaching, nor has he put forward any evidence that Minnesotan law is fundamentally unfair to his employment discrimination suit. Plaintiff has also proffered no evidence that he "will for all practical purposes be deprived of his day in court."[1] The first three bases favor the Defendant, as the Plaintiff carries the burden.

The Court turns to the last basis. Plaintiff hinges his argument on North Carolina's strong public policy against forum selection clauses. See N.C. Gen. Stat. § 22B-3 (providing that "any provision in a contract entered into in North Carolina that requires the prosecution of any action ... that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable."); see also Dove Air, Inc. v. Bennett, 226 F. Supp. 2d 771, 775-76 (W.D.N.C. 2002) ("[I]f the [contract] was entered into in North Carolina, [N.C. Gen. Stat. § 22B-3] would apply to void the forum selection provision."). However, the existence of one basis that casts doubt on the validity of the clause does not by itself invalidate the parties' agreement. See Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG, 560 F. Supp. 2d 432, 441 (W.D.N.C. 2008) (finding the forum selection clause valid when two bases favored validity, despite the strong public policy of the forum state); James C. Greene Co. v. Great Am. E & S Ins. Co., 321 F. Supp. 2d 717, 721 (E.D.N.C. 2004) (holding that N.C. Gen. Stat. § 22B-3 is not dispositive in a federal court's analysis of a forum selection clause); Scholl, 249 F.R.D. at 242 ("North Carolina's prohibition of forum selection clauses does not prevent the enforcement of [the] forum selection clause in this case.").

---

[1] While many of the cases on point refer to bargaining between "sophisticated business entities" with regards to the enforceability of forum selection provisions, e.g. M/S Bremen., 407 U.S. at 12, Plaintiff has proffered no evidence of unequal bargaining power that the Court could consider in evaluating the enforceability of the forum selection clause.

Having found that three of the four bases favor the defendant, the Court holds that the forum selection clause is valid, despite North Carolina's strong public policy against forum selection clauses. In conclusion, the forum selection clause is valid, mandatory, applicable to the issue at hand, and thus enforceable in this matter.

### b. Analysis of the Factors Governing Transfer

The Supreme Court has noted that "a valid forum selection clause is given controlling weight in all but the most exceptional case." Stewart, 487 U.S. at 33 (Kennedy, J concurring) (citing M/S Bremen, 407 U.S. at 10). However, a forum selection clause is not dispositive; other factors can overcome the presumption of enforcement. Brock, 933 F.2d at 1258. If a party's motion to transfer venue is in accord with a valid forum selection clause, the burden is on the party opposing transfer. Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 704 (M.D.N.C. 2007) (citing Allen, 94 F.3d at 928; Cable-La, Inc. v. Williams Communications, Inc., 104 F. Supp. 2d 569, 574-75 (M.D.N.C. 1999)). The decision to transfer under § 1404(a) is a matter resting in the sound discretion of the District Court. Dicken v. United States, 862 F. Supp. 91, 92 (D. Md. 1994) (citing Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956), cert. den. 352 U.S. 953 (1956)).

This Court will use the following factors in deciding whether the transfer under § 1404(a) is "[f]or the convenience of parties and witnesses, [and] in the interest of justice":

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

Scholl, 249 F.R.D. at 239 (citing Commercial Equip. Co. v. Barclay Furniture Co., 738 F. Supp. 974, 977 (W.D.N.C. 1990); McDevitt & Street Co. v. Fide. and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990)). The Court will also consider the strong public interest in litigating civil rights claims. Red Bull Assoc. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988) (citing with approval the district judge's decision to consider a "strong federal public policy favoring enforcement of the civil rights laws so important to the advancement of modern society").

First, the Court finds that Plaintiff's initial choice of forum clearly favors the adjudication of this dispute in North Carolina. See Commercial Equip. Co. v. Barclay Furniture Co., 738 F.Supp. 974, 977 (W.D.N.C. 1990) (noting that the plaintiff's initial choice of forum must be given "considerable weight in determining the appropriate place for the adjudication of this dispute").

Second, the Court finds that the residency of the parties is a neutral factor. Plaintiff resides in Catawba County, North Carolina, while Defendant's main place of business is in Minnesota. Regardless of the place of adjudication, one party will benefit to the other's detriment.

With regards to proof, the Defendant maintains that the relevant employment records are kept in Minnesota. (Doc. #5). Plaintiff has not alleged that any evidence is more easily accessible in North Carolina. The third factor favors the Defendant.

Fourth, Defendant has named nineteen potential witnesses, three of which reside in Minnesota. (Doc. # 5, Ex. 2). Not a single non-party witness resides in North Carolina. Plaintiff has not brought to the Court's attention any potential witnesses. This factor favors the Defendant.

The "possibility of a view" is not relevant to this case, and neither party has proffered

evidence on the enforceability of the judgment, the relative advantages and obstacles to a fair trial, or "other practical problems," beyond the issues of the availability of proof and witnesses. The fifth, sixth, seventh, and eighth factors are thus neutral.

Ninth, the administrative difficulties of court congestion slightly favor the Plaintiff. While in March of 2009, the median time to trial in Minnesota was approximately 23 months, compared to 34 months in the Western District North Carolina, see Doc. #5, this has changed. By the end of 2009, the median time to trial in Minnesota was 25.4 months, but only 18.3 months in the Western District of North Carolina. See Federal Court Management Statistics, United States Courts (2010), http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Dec.pl. (generate reports for both Minnesota and "No. Carolina Western").

The tenth factor favors the Defendant. Defendant's place of business is in Minnesota, and thus Minnesota has an interest in the outcome of this case. North Carolina has very little contacts with this action, other than Plaintiff's residence. None of the incidents alleged appear to have occurred in this district, nor did Plaintiff appear to ever work for Defendant in North Carolina.

The last factor favors the Defendant. The Agreement mandates the use of Minnesota law, not North Carolina law. (Doc. #5, Ex. 1, ¶ 14). As a result, this Court notes that it is unlikely that the laws of North Carolina are relevant to this case, as none of the incidents at issue occurred within this state. Allen, 94 F.3d at 928 ("[T]he Supreme Court has consistently accorded . . . choice of law provisions presumptive validity").

Finally, Plaintiff has not presented any evidence that he would be unable to litigate his civil rights claim if venue is moved from North Carolina.

Given the strong presumption of validity of the forum selection clause and the presence of a plurality of witnesses and evidence in Minnesota, this Court finds that Plaintiff has not met his burden to overcome the presumption of validity of the forum selection clause. Plaintiff would not be deprived of his day in court if venue is transferred to Minnesota. It is in the interest of justice to transfer this action to the District of Minnesota.

### C. Transfer of the State Law and Constitutional Claims

Given that the Title VII claim must be transferred, the Court will also transfer the rest of Plaintiff's claims to Minnesota, under § 1404(a). In addition to the reasons stated above, the high judicial costs that would arise if Plaintiff's claims, which are premised on the same underlying issues, are litigated in two different forums weighs heavily in favor of all of Plaintiff's claims being transferred. The existence of one factor, plaintiff's choice of venue, does not control in the face of the other factors that weigh in Defendant's favor. See Harris v. Parsons Brinckerhoff Quade & Douglas, Inc., No. JFM-05-3355, 2006 WL 1892399, at *2 (D. Md. June 28, 2006) (ruling that a transfer of related state law claims along with a Title VII claim is appropriate given that both judicial economy and the convenience to the parties weighed in favor of transfer).

### D. Motion to Strike

Defendant has moved to strike Plaintiff's untimely reply to Defendant's Motion to Transfer or Dismiss. (Doc. #9). Plaintiff's reply was due on August 27, 2010, but was filed on August 31, 2010. (Doc. #9). The deadline is established by Local Rule 7.1(E) and Admin. Procedure II(B)(5). As this matter will be transferred to the District of Minnesota, the Court denies this motion as moot.

**ORDER**

It is in the interest of justice and for the convenience of the parties and the court that this case should be transferred. Because the forum selection clause within the Agreement is valid and mandatory, and because the Plaintiff has not met his burden in demonstrating an exceptional case warranting non-enforcement of the clause, the forum selection clause within the Agreement should be enforced.

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue (Doc. #5) is **DENIED** and its Motion to Transfer Venue is **GRANTED.** Accordingly, the Clerk is directed to **TRANSFER** this civil action to the District of Minnesota consistent with the terms of this Memorandum and Order. Defendant's Motion to Strike (Doc. #10) is **DENIED** as **moot**.

Signed: July 14, 2011

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge